O
JS-6

# United States District Court
# Central District of California

JAMES JORDAN,

        Plaintiff,

   v.

UNITED STATES OF AMERICA et al.,

        Defendants.[1]

Case № 2:26-cv-01560-ODW (Ex)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [9]**

## I.      INTRODUCTION

Plaintiff James Jordan brings this action against Defendant United States of America, asserting claims arising from his botched dental treatment at a federally funded health facility. (Notice Removal ("NOR") Ex. 1 ("Compl."), Dkt. No. 1-1.) The United States now moves to dismiss the Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction. (Mot. Dismiss ("Motion" or "Mot."), Dkt. No. 9.) For the following reasons, the Court **GRANTS** the Motion.[2]

---

[1] The original caption in this action was *James Jordan v. Clinicas Del Camino Real, Inc.* On February 23, 2026, the Court corrected the caption as reflected above. (Order Correcting Caption, Dkt. No. 12.)

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.      BACKGROUND

Jordan suffers from pain around his mouth due to eroding back teeth. (Compl. 3.)[3]  On or about May 30, 2024, Jordan sought treatment for this pain from his primary care provider, Clinicas del Camino Real, Inc.  (Compl. 3–4.)  Jordan was treated by Dr. Rachel Hymes.  (NOR Ex. 2 ("Harris Cert.") ¶ 2, Dkt. No. 1-2.) Clinicas receives federal funds under the Public Health Services Act, making it and Dr. Hymes employees of the Public Health Service of the United States.  (*Id.*)

Jordan alleges that Dr. Hymes' was negligent when treating him.  (Compl. 4–9.) On April 1, 2025, Jordan sued Clinicas and Dr. Hymes in state court, alleging various torts relating to his treatment.  (*Id.*)  On February 13, 2026, the United States removed the action to this Court under 48 U.S.C. § 233(c).  (NOR ¶ 1, Dkt. No. 1.)  The United States now moves to dismiss under Rule 12(b)(1).  (Mot. 2.)

## III.      LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Pursuant to Rule 12(b)(1), a party may move to dismiss based on a court's lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation modified).  Conversely, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings."  *Id*.  The party attempting to invoke a court's jurisdiction bears the burden of proof for establishing jurisdiction.  *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

---

[3] Jordan does not use paragraphs in his Complaint.  Thus, the Court cites to page numbers when referring to the Complaint.

2

## IV. DISCUSSION

Jordan alleges that Dr. Hymes, an employee of the Public Health Service of the United States, negligently treated him.  (*See generally* Compl.; Harris Cert.)  Claims brought against the United States for the negligent or wrongful act or omission of any employee are subject to the Federal Tort Claims Act ("FTCA").  *See* 28 U.S.C. §§ 1346(b), 2671 *et seq.*  Before a plaintiff may pursue claims against the United States, the FTCA requires the plaintiff to first exhaust administrative remedies.  28 U.S.C. § 2675(a).  Specifically, a party may not maintain an action against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied."  *Id.*  After a claim is denied, the claimant has six months to bring an action against the United States.  28 U.S.C. § 2401(b).  An administrative claim is a prerequisite to subject matter jurisdiction in court.  *McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

Here, Jordan failed to present his claims to the Department of Health and Human Services ("HHS") before bringing this action.  (Decl. Heather Hill ISO Mot. ("Hill Decl.") ¶ 4, Dkt. No. 9-2.)  His failure to present his claims *prior* to bringing this action divests the Court of its subject matter jurisdiction.  *McNeil*, 508 U.S. at 113.  Thus, even though Jordan now purports to have presented his claim to HHS after bringing this action, (Opp'n 2, Dkt. No. 13), the Court still does not have jurisdiction to hear this claim, *see* 28 U.S.C. § 2401(b) (requiring not only that a claimant present a claim but also for the claim to "have been finally denied" before bringing an action against the United States).

Jordan offers to voluntarily dismiss his medical negligence claim, arguing that dismissal of this claim would take this action out the FTCA and thus out of this Court's jurisdiction.  (Opp'n 4–7.)  Setting aside, for now, that Jordan supports this proposition with mis-quoted and mis-interpreted authority, Jordan's proposition

mistakes the law.  There is no exhaustive list of claims that fall in or out of the FTCA. As the Court earlier noted, the FTCA covers all civil actions against the United States arising from the "negligent or wrongful act or omission of any employee of the Government."  28 U.S.C. § 1346(b).  Here, Jordan's claims all arise from a federal employee's alleged negligent or wrongful acts.  Thus, regardless of how Jordan frames his claims, they all fall in the ambit of the FTCA and must have been presented to and resolved by HHS.

For these reasons, the Court does not have subject matter jurisdiction and must dismiss this action.  Jordan must exhaust his administrative remedies before bringing this action in the future.

The Court would be remiss not to discuss the legal quotations in Jordan's opposition brief.  As the United States notes, Jordan provides direct quotations to several cases.  (Reply 6–7, Dkt. No. 14.)  For example, Jordan provides this quote from *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172–73 (1997): "When the federal claim is eliminated early in the litigation, the district court <u>must</u> decline jurisdiction over the remaining state-law claims."[4]  (Opp'n 6.)  However, this quote does not exist in *Chicago*.  Moreover, the legal proposition for which Jordan cites it is also plainly incorrect.  *See* 28 U.S.C. § 1367(c) (providing that district courts have *discretion* to decline jurisdiction over remaining state-law claims after dismissing "claims over which they have original jurisdiction").

More concerning is Jordan's apparently fake citation.  Jordan cites to *Nevada Power Co. v. Monsanto Co.*, 151 F.3d 1201, 1205 (9th Cir. 1998).  (Opp'n 2.) However, the reporter and pincite leads to *McKeon v. United States*, 151 F.3d 1201 (9th Cir. 1998), not *Nevada Power*, which is found at 955 F.2d 1304 (9th Cir. 1992).

The scourge of AI-hallucinated case law is well-documented and the Court need not beat a dead horse.  The Court takes this opportunity only to note that, as other courts around this country have found, pro se parties owe the same duty of candor to

---

[4] Jordan incorrectly cited this case as *International College of Surgeons v. Chicago*.  (Opp'n 6.)

the Court and are bound to the same rules as attorneys. *See* Fed. R. Civ. P. 11 (applying to both attorneys and unrepresented parties). These rules include ensuring that every citation to case law is correct and accurately stands for the proposition for which it is being offered. Failure to do so exposes attorneys and pro se parties alike to the possibility of heavy sanctions. *See, e.g.*, *United States v. Hayes*, 763 F. Supp. 3d 1054, 1071 (E.D. Cal. 2025) ("Courts across the country have issued sanctions against attorneys and pro se parties for submitting fictitious case citations, fictitious quotations, and related misrepresentations to the court . . . .") Should Jordan exhaust his administrative remedies and re-bring this claim in the future, he would do well to remember this admonition.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss **WITHOUT LEAVE TO AMEND** and **WITHOUT PREJUDICE**. The Clerk shall close the case.

**IT IS SO ORDERED.**

April 6, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**